

## Public Docket Information

***MONIQUE JONES V/S AVON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION***   Case Number:  **16CV190681**

### Case Details

| | |
|---|---|
| Type Of Action: | Other Civil-CV |
| Judge: | Miraldi, Judge James |
| Filed On: | 10/11/2016 |

### Parties

| Name | Birth Date | Party | Address | Attorney(s) |
|---|---|---|---|---|
| JONES, MONIQUE | N/A | P | Indiv/O.B.O Minor Son, C.H. 1531 ROSEWOOD BLVD AVON, OHIO 44011 | MURRAY, FLORENCE J MURRAY & MURRAY CO LPA 111 EAST SHORELINE DR SANDUSKY, OHIO 44870 |
| AVON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION | N/A | D | 36600 DETROIT RD AVON, OHIO 44011 | |
| LAUB, MICHAEL | N/A | D | Indiv/Superintendent of Avon Local Schools 36600 DETROIT RD AVON, OHIO 44011 | |
| CALL, JASON | N/A | D | Indiv/Superintendent of Avon Heritage South Elem. School 36600 DETROIT RD AVON, OHIO 44011 | |
| OLEY, LORETTA | N/A | D | Indiv/Teacher at Avon Heritage South Elem. School 36600 DETROIT RD AVON, OHIO 44011 | |
| MASLINSKI, LYNN | N/A | D | Indiv/Teacher at Avon Heritage South Elem. School 36600 DETROIT RD AVON, OHIO 44011 | |
| FULLER, KIMBERLY | N/A | D | LICENSED THERAPIST , C/O DIANA SANTANTONIO 750 S. ABBE RD ELYRIA, OHIO 44035 | |

### Filter Docket

☐ Show All    ☐ FILING    ☐ MOTION

☐ SERVICE    ☐ FEES

[ Filter ]

| Date | Type | Description |
|---|---|---|

| | | |
|---|---|---|
| 10/11/2016 | N/A | Filing fee of $300.00, paid by: MURRAY & MURRAY |
| 10/11/2016 | N/A | Receipt #: 16-0034707 Processed. |
| 10/12/2016 | FILING | COMPLAINT W/JURY DEMAND FILED W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS. |
| 10/12/2016 | N/A | SUMMONS W/COPY OF COMPLAINT W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS SENT CERTIFIED MAIL TO: AVON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ARTICLE #9414726699042059033201 |
| 10/12/2016 | N/A | SUMMONS W/COPY OF COMPLAINT W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS SENT CERTIFIED MAIL TO: MICHAEL LAUB ARTICLE #9414726699042059033195 |
| 10/12/2016 | N/A | SUMMONS W/COPY OF COMPLAINT W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS SENT CERTIFIED MAIL TO: JASON CALL ARTICLE #9414726699042059033188 |
| 10/12/2016 | N/A | SUMMONS W/COPY OF COMPLAINT W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS SENT CERTIFIED MAIL TO: LORETTA OLEY ARTICLE #9414726699042059033171 |
| 10/12/2016 | N/A | SUMMONS W/COPY OF COMPLAINT W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS SENT CERTIFIED MAIL TO: LYNN MASLINSKI ARTICLE #9414726699042059033164 |
| 10/19/2016 | N/A | Certified Mail Return : Article # : 9414726699042059033171, Delivered Date : 10/18/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : LORETTA OLEY, Note : |
| 10/19/2016 | N/A | Certified Mail Return : Article # : 9414726699042059033201, Delivered Date : 10/17/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : AVON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Note : |
| 10/19/2016 | N/A | Certified Mail Return : Article # : 9414726699042059033188, Delivered Date : 10/17/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : JASON CALL, Note : |
| 10/19/2016 | N/A | Certified Mail Return : Article # : 9414726699042059033195, Delivered Date : 10/17/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : MICHAEL LAUB, Note : |
| 10/19/2016 | N/A | Certified Mail Return : Article # : 9414726699042059033164, Delivered Date : 10/17/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : LYNN MASLINSKI, Note : |
| 10/20/2016 | MOTION | MOTION TO STRIKE EXHIBIT ONE OF PLTFS' COMPLAINT FILED |
| 10/24/2016 | N/A | Plaintiff's motion to strike Exhibit 1 to Plaintiff's Complaint is granted. Exhibit 1 will be replaced with a redacted version of Exhibit 1. |
| 10/24/2016 | N/A | PLTFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE TO JASON CALL IN HIS INDIVIDUAL CAPACITY ONLY, AND TO DISMISS ALL CLAIMS AS TO MICHAEL LAUB AND LYNN MASLINSKI FILED |
| 10/25/2016 | SERVICE | PROCESS SERVER RETURN:I MADE CERTIFIED MAIL SERVICE UPON DIANA SANTANTONIO, ED S & ASSOC. LLC ON 10/18/16. FLORENCE J. MURRAY, PLNTFF ATTORNEY |
| 10/26/2016 | FILING | PLNTFFS' FIRST AMENDED COMPLAINT FILED BY PLNTFF. (JURY DEMAND ENDORSED HEREON) |
| 10/27/2016 | FEES | FEES ADDED: |
| 10/31/2016 | N/A | SUMMONS W/COPY OF FIRST AMENDED COMPLAINT SENT CERTIFIED MAIL TO: KIMBERLY FULLER ARTICLE #9414726699042059054138 |
| 10/31/2016 | N/A | Plaintiff has dismissed the claims against Defendants Michael Laub, Lynn Maslinski, and Jason Call in his individual capacity, in the above-captioned case without prejudice. All other claims remain pending. |
| 10/31/2016 | N/A | Cost Bill Entry |
| 11/03/2016 | N/A | Certified Mail Return : Article # : 9414726699042059054138, Delivered Date : 11/02/2016, Reason : Signed Receipt for Certified Mail Returned and Filed., Party : KIMBERLY FULLER, Note : 1ST AMENDED COMPLAINT |

**Print Docket**     **Close**



ENTERED

FILED
LORAIN COUNTY
2016 OCT 11 A 11: 18
COURT OF COMMON PLEAS
TOM ORLANDO

## IN THE COURT OF COMMON PLEAS
### OF LORAIN COUNTY OHIO

16CV190681

MONIQUE JONES, Individually and
on behalf of her minor son, C.H.,
1531 Rosewood Blvd
Avon, Ohio 44011

     Plaintiffs,

v.

AVON LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION
36600 Detroit Road
Avon, Ohio 44011

and

MICHAEL LAUB, individually
and in his official capacity as
SUPERINTENDENT OF AVON
LOCAL SCHOOLS
36600 Detroit Road
Avon, Ohio 44011

and

JASON CALL, as an individual and
in his official capacity as PRINCIPAL
OF AVON HERITAGE SOUTH
ELEMENTARY SCHOOL
36600 Detroit Road
Avon, Ohio 44011

and

LORETTA OLEY, as an individual and
in her official capacity as a TEACHER
AT AVON HERITAGE SOUTH

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

JUDGE:   JUDGE JAMES MIRALDI

**ORIGINAL COMPLAINT
AND JURY DEMAND**

Florence J. Murray (0080292)
MURRAY & MURRAY CO., LPA
111 E. Shoreline Drive
Sandusky, Ohio 44870

ELEMENTARY SCHOOL )
36600 Detroit Road )
Avon, Ohio 44011 )
)
and )
)
LYNN MASLINSKI, as an individual )
and in her official capacity as a )
TEACHER AT AVON HERITAGE )
SOUTH ELEMENTARY SCHOOL )
36600 Detroit Road )
Avon, Ohio 44011 )
)

## INTRODUCTION

1.     Now come the Plaintiffs, Monique Jones, individually and on behalf of her son, Plaintiff C.H., a minor, and brings this action against Defendants Avon Local School District Board of Education (the "Board" or "ALSB"); Michael Laub, in his official capacity as Superintendent of Avon Local School District; Jason Call, in his individual and official capacity as principal of Avon Heritage South; and Loretta Oley and Lynn Maslinski, in their individual and official capacities as teachers at Avon Heritage South.

2.     This is a civil action for compensatory damages and punitive damages where available for violations of rights provided by and obligations imposed under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d; the Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983 ("Section 1983"); and their respective implementing regulations, if any. This civil action also includes claims of common law negligence, intentional infliction of emotional distress ("IIED"), and assault and battery, as well as violations of Ohio R.C. § 4151.421 (collectively, the "State Law Claims").

2

3.     This action is brought to redress the injuries suffered by Plaintiff C.H. arising from the Defendants' discrimination against C.H., based upon his perceived and actual status as an "individual with a disability" as defined by Section 504 and the ADA, as well as injuries for racial discrimination.

## JURISDICTION AND VENUE

4.     Jurisdiction and venue are proper in this Court because the Defendants reside in this County and the events giving rise to this action took place in Avon, Lorain County, Ohio.

5.     Venue is proper as all Defendants reside, and all of the events giving rise to the claims herein took place, in Lorain County, Ohio.

## PARTIES

6.     Plaintiff C.H. is a minor of age 10, who at all times relevant to the allegations of this Complaint was a student of Avon Heritage South Elementary School ("Avon Heritage South"), one of two elementary schools in Avon Local School District.

7.     C.H. is an "individual with a disability" as defined by 29 U.S.C. § 705(20)(B), as well as 42 U.S.C. § 12102 and the ADA implementing regulation 28 CFR § 35.104, and as more fully described herein.

8.     C.H. is also a "qualified handicapped person" under 34 CFR § 104.3($l$)(2) of the implementing regulations of Section 504.

9.     Plaintiff Monique Jones is the mother and natural guardian of C.H., who is a resident of Avon Local School District in Lorain County, Ohio.

10.     Defendant ALSB is a political subdivision capable of suing and being sued. The Board receives and benefits from federal financial assistance within the meaning of Section 504 through a number of federal programs.

3

11.     Defendant ALSB is a public entity as defined by 42 U.S.C. § 12131(1)(B).

12.     Defendant Michael Laub, is an individual, and, in his official capacity, is the Superintendent of the ALSB, and is the executive officer responsible for the administration of the Board's policies and executing Board decisions. Mr. Laub is responsible for ensuring that the Board complies with all Federal and State antidiscrimination statutes.

13.     Defendant Jason Call is an individual, and, in his official capacity, is and was at all relevant times employed by the Board as principal of Avon Heritage South. Duties of the principal are delegated by the Superintendent, and include ensuring that the school and its personnel comply with all Federal and State antidiscrimination statutes.

14.     Defendant Loretta Oley is an individual, and, in her official capacity, is a third-grade teacher employed by the Board and working at Avon Heritage South. Ms. Oley was C.H.'s third-grade teacher until Plaintiff Jones removed him from the school in mid-November of 2014.

15.     Defendant Lynn Maslinski is an individual, and in her official capacity, is and was at all relevant times a teacher employed by the Board and working at Avon Heritage South.

## FACTUAL ALLEGATIONS

16.     Defendant ALSB is the board of education which administers all schools located in Avon Local School District in Avon, Lorain County, Ohio, which services over 16,000 students in the western portion of Greater Cleveland.

17.     Over 88% of students serviced by ALSB are white, and only 2.5% are African American. (Ohio Department of Education Fiscal Year 2015 District Profile Report).

18.     Avon Heritage South is the south campus of Avon Heritage Elementary School, one of two elementary schools in Avon Local School District. The school-specific demographics of Avon Heritage South are comparable to that of the Board as a whole.

4

19.     Plaintiff Monique Jones and her son C.H. are African American. They reside within the Avon Local School District at the Timber Lake Apartments, 1531 Rosewood Boulevard, in Avon, Ohio. Residents of Timber Lake Apartment are predominantly minorities.

20.     On August 20, 2014, C.H. began the 2014-2015 school year at Avon Heritage South as a third-grade student in Ms. Oley's class.

21.     C.H. was also a student at Avon Heritage South during kindergarten, first, and second grades.

22.     By all accounts, C.H. was regarded as a polite and quiet student who actively participated in class and generally performed his work without incident.

23.     C.H. was the only African American student in his third-grade class.

24.     C.H. has been entitled to receive accommodations under a 504 plan for "Benign Urinary Frequency Syndrome" since October 3, 2014. The plan in effect at all times relevant to this Complaint required that C.H. receive accommodations in the form of additional consideration for restroom breaks, assessments in the small-group setting, and extended time to complete assignments due to his frequent need to use the restroom. *See* October 3, 2014, 504 Plan, attached as Exhibit 1.

25.     In early September of 2014, Plaintiff Jones met with Ms. Oley. Ms. Jones wanted to build a relationship with C.H.'s teacher, and also receive some guidance on how she could help C.H. with his work.

26.     At this meeting, Ms. Jones happened to mention that she had recently been diagnosed with Attention Deficit Disorder ("ADD"). Ms. Oley responded that Ms. Jones's ADD diagnosis explained a lot about C.H.'s behavior. Ms. Oley told Ms. Jones that she thought C.H. had ADD or Attention Deficit Hyperactivity Disorder ("ADHD") and that he should be

medicated, stating that if the parent had ADD/ADHD that the child usually has ADD/ADHD as well.

27.     Ms. Oley told Ms. Jones that C.H. was having difficulty focusing and was struggling to keep up with the rest of the class. Ms. Oley only began describing C.H.'s progress in this way after she learned that Ms. Jones had been diagnosed with ADD.

28.     Plaintiff Jones explained that C.H. had never had any issues symptomatic of ADD/ADHD in all the time he had been a student at ALSB.

29.     Thereafter, Ms. Oley frequently mentioned C.H.'s ADD/ADHD in conversations with Ms. Jones. Ms. Oley continually suggested that C.H. had ADD in numerous communications with Ms. Jones throughout this time.

30.     In late September, Ms. Jones again spoke with Ms. Oley. Ms. Oley suggested that C.H. be placed on a 504 plan for frequent urination. According to Ms. Oley, this would allow C.H. more time to do his work, and would allow him to take extra time on the upcoming timed OAA 3rd grade reading assessment. Ms. Jones told Ms. Oley that she would do some research into the plan and get back to her.

31.     Principal Call contacted Ms. Jones multiple times during the next few days to speak with Ms. Jones about the 504 plan. He pressured Ms. Jones to get the 504 plan established quickly because testing would begin the next week.

32.     On October 3, 2014, less than one week after Ms. Oley suggested that C.H. be placed on a 504 plan, Defendants Oley and Call met with Ms. Jones and the three signed a 504 plan for C.H. The plan allowed C.H. to take additional restroom breaks as needed, to take assessments in a small group setting, and to have extended time on lengthy assignments based on

6

his frequent need to use the restroom. In this meeting, Ms. Oley stated that she had no problems with C.H.

33.    Unbeknownst to Ms. Jones, however, Ms. Oley had been physically and emotionally abusing C.H. on a daily basis, and continued to do so until Ms. Jones withdrew C.H. in early November of 2014. During this time, she:

    a.  repeatedly forced C.H. to remain inside for recess without any reason to do so;

    b.  repeatedly whispered incorrect answers to questions into C.H.'s ear, and only told him they were wrong after calling on him to answer in front of the entire class, thereby embarrassing and humiliating C.H.;

    c.  erased correct answers on C.H.'s worksheets and used his own hand to forcibly rewrite the wrong answers;

    d.  on multiple occasions, would randomly draw C.H's name to respond to a question, only to place his name back into the drawing bin and redraw for another student, thereby embarrassing and humiliating C.H.;

    e.  on at least one occasion, discussed C.H.'s perceived disability with another parent;

    f.  refused to let C.H. use the restroom, despite C.H.'s repeated requests, resulting in C.H. soiling himself;

    g.  pinched and squeezed C.H.'s hands;

    h.  threw C.H.'s books and papers;

    i.  told C.H. that he "wasn't smart enough";

    j.  threatened C.H. by telling him that "she knows where he lives"; and

    k.   yelled at or otherwise verbally abused C.H., both in private and in front of other

students.

34.    Upon information and belief, multiple parents of C.H.'s classmates, and other

teachers at Avon Heritage South, witnessed these or similar behaviors from Ms. Oley.

35.    Ms. Jones only discovered that these abuses were occurring when C.H. came

home from school on November 3, 2014, in hysterics, telling Ms. Jones about the abuses and

begging her not to send him back to school.

36.    Immediately upon discovering that Ms. Oley was abusing her son in this fashion,

Ms. Jones scheduled a meeting with Defendant Principal Call.

37.    On or about November 5, 2014, Plaintiff Jones met with Principal Call. She told

him that Ms. Oley had been abusing C.H., and that Ms. Oley had spoken to another parent about

his perceived disability. Mr. Call asked Ms. Jones not to mention anything about Ms. Oley

speaking to another parent, and told her he would deal with Ms. Jones's concerns.

38.    Mr. Call also mentioned that he didn't want C.H. to feel isolated because he was

the only African American student in his class, and that racial issues had been a problem at the

school in the past.

39.    Defendant Mr. Call did not report the allegations of abuse as required by Ohio

Law.

40.    Ms. Jones also scheduled an appointment for November 4, 2014 with Diana

Santantonio, Ed.S. & Associates, LLC, dba Psych & Psych Services in Elyria, Ohio ("Psych &

Psych") to formally evaluate C.H. for ADD/ADHD. Employees at Psych & Psych expressed

confusion that a child who had exhibited no symptoms for ADD/ADHD should receive an

evaluation, but nevertheless provided Ms. Jones with evaluation forms for C.H.'s teachers to complete.

41. Ms. Jones and Ms. Maslinski completed the Psych & Psych evaluation forms.

42. To date, C.H. has never been diagnosed with ADD or ADHD, despite ongoing counseling sessions, as well as multiple independent evaluations by licensed professionals at Psych & Psych as well as the Beech Brook behavioral health agency.

43. On November 7, 2014, Ms. Jones removed C.H. from the District and enrolled him in the Cleveland Campus of Horizon Science Academy, a charter school with campuses in Lorain, Cleveland, and Toledo.

44. On December 9, 2014, C.H. was diagnosed with post traumatic stress disorder as a result of Ms. Oley's abuses and discrimination. He suffers from nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and emotional response when exposed to cues that remind him of the trauma he suffered.

45. As an example of the trauma Ms. Oley inflicted on C.H., Ms. Jones kept a knife above the doorway to their home because it was the only way she could convince C.H. that they were safe from Ms. Oley sneaking into their home at night.

46. C.H. has received ongoing counseling services since December of 2014 and is currently receiving counseling services William C. Washington, LPC of Marbury & Associates.

47. Ms. Jones was forced to abandon her nursing studies at Lorain County Community College to transport C.H. to Horizon Science Academy as well as to his multiple counseling sessions, and to care for C.H. who is now afraid to be left alone.

## FIRST CAUSE OF ACTION:

## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)

48.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

49.     C.H. is an "individual with a disability" as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(3), such definitions being incorporated into Section 504 under 29 U.S.C. § 705(20)(B) as well as 34 CFR § 104.3(j)(2)(iv) of the implementing regulations of Section 504, as Ms. Oley regarded C.H. as having ADD/ADHD, mental impairments to the major life activity of learning.

50.     C.H. is also an "individual with a disability" under 42 U.S.C. § 12102(1)(A), as C.H.'s Benign Urinary Frequency Syndrome is a condition which substantially limits the operation of his bladder, a major bodily function as defined by 42 U.S.C. § 12102(2)(B).

51.     Under the implementing regulations of Section 504, specifically, 34 CFR § 104(l)(2)(i), C.H. was at all times relevant to this Complaint otherwise qualified to participate in and receive the benefits of the education programs and activities offered by ALSB, a local educational agency as defined in 29 U.S.C. § 7801(26).

52.     ALSB, as a local educational agency, is a program or activity under 29 U.S.C. § 794(b)(1)(B).

53.     ALSB, as the administrative body who administers education throughout Avon Local School District, a public school district, receives federal financial assistance.

54.     Defendants violated Section 504, 29 U.S.C. § 794 and its implementing regulations by excluding C.H. from participation in or denying C.H. the benefits of services, programs, or activities of ALSB by reason of his actual and perceived disabilities, and subjecting

him to discrimination based on his Benign Urinary Frequency Syndrome and his perceived ADD/ADHD.

55. Ms. Oley has repeatedly discriminated against C.H. and denied him the equal opportunity to receive the benefit of Avon Heritage South's services—an opportunity otherwise afforded to his non-disabled peers—by verbally and physically abusing C.H. because of the disability she perceived C.H. to have.

56. Defendants Ms. Oley and Ms. Maslinski also discriminated against C.H. based on his actual disability by denying him access to the restroom to such an extent that C.H. would soil himself on an almost daily basis, despite the accommodations required by his 504 Plan that he "be afforded additional considerations to use the restroom on a more frequent basis as necessary." *See* Exhibit 1.

57. Defendant Mr. Call was aware of Ms. Oley's and Ms. Maslinski's discriminatory acts and was obligated by the duties of his position, as well as state and federal law, to take action to remedy the situation. Instead, Mr. Call perpetuated their discrimination by acting with deliberate indifference towards their discriminatory acts despite being informed of these problems by Plaintiff Jones, and even making attempts to cover up Ms. Oley's violations.

58. Both the Board and Defendant Michael Laub aided and perpetuated this discrimination by acting with deliberate indifference towards Ms. Oley's and Maslinksi's discriminatory acts, by failing to provide adequate training and supervision to faculty and staff, and by creating a culture in which such discrimination is overlooked or even acceptable.

59. Because of Defendants' discrimination, Plaintiff C.H. now suffers from frequent nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and emotional response when exposed to cues that

remind him of the trauma he suffered. C.H. has been diagnosed with post traumatic stress disorder related to Defendants' abuses.

WHEREFORE, Plaintiffs pray for judgment against Defendants for all remedies available pursuant to 29 U.S.C. §§ 794 and 794a, including compensatory damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

## SECOND CAUSE OF ACTION:

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12132)

60.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

61.     C.H. is an individual with a disability, as defined by 42 U.S.C. § 12102(1)(C) and 12102(3), as Ms. Oley regarded C.H. as having Attention Deficit Disorder, a mental impairment to the major life activity of learning.

62.     C.H. is a "qualified individual with a disability" under 28 C.F.R. 35.104 of the implementing regulations of the ADA.

63.     The Board is a "public entity" as defined by the ADA.

64.     Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations by excluding C.H. from participation in or denying C.H. the benefits of services, programs, or activities of ALSB, a public entity, by reason of his perceived disability, and by discriminating against him based upon a perceived disability.

65.     Ms. Oley has repeatedly denied C.H. the equal opportunity to receive the benefit of Avon Heritage South's services—an opportunity otherwise afforded to his non-disabled peers—by verbally and physically abusing C.H. because of the disability she perceived C.H. to have.

66.     Defendants Ms. Oley and Ms. Maslinski also discriminated against C.H. based on his actual disability by denying him access to the restroom to such an extent that C.H. would soil himself on an almost daily basis, despite the accommodations required by his 504 Plan that he "be afforded additional considerations to use the restroom on a more frequent basis as necessary." *See* Exhibit 1.

67.     Defendant Mr. Call was aware of Ms. Oley's and Ms. Maslinski's discriminatory acts and was obligated by the duties of his position, as well as state and federal law, to take action to remedy the situation. Instead, Mr. Call perpetuated their discrimination by acting with deliberate indifference towards their discriminatory acts despite being informed of these problems by Plaintiff Jones, and even making attempts to cover up Ms. Oley's violations.

68.     Both the Board and Defendant Michael Laub aided and perpetuated this discrimination by acting with deliberate indifference towards Ms. Oley's and Maslinski's discriminatory acts, by failing to provide adequate training and supervision to faculty and staff, and by creating a culture in which such discrimination is overlooked or even acceptable.

WHEREFORE, Plaintiffs pray for judgment against Defendants for all remedies available pursuant to 42 U.S.C. §§ 12133 and 29 U.S.C. § 794a, including compensatory damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000d)

69.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

70.     ALSB, as a local educational agency is a program or activity as defined by 42 U.S.C. § 2000d-4a(2)(B).

71.     ALSB, as the board of education for a public school district, receives federal financial assistance.

72.     Through her actions as described in this Complaint, Ms. Oley has intentionally discriminated against C.H., the only African American student in her third-grade class, and denied C.H. the equal opportunity to receive the benefit of Avon Heritage South's services—an opportunity otherwise afforded to his white peers.

73.     Defendant Mr. Call was aware of Ms. Oley's discriminatory acts and was obligated by the duties of his position, as well as state and federal law, to take action to remedy the situation. Instead, Mr. Call perpetuated Ms. Oley's discrimination by acting with deliberate indifference towards her discriminatory acts despite being informed of these problems by Plaintiff Jones, and even making attempts to cover up Ms. Oley's violations.

74.     Both the Board and Defendant Michael Laub aided and perpetuated this discrimination by acting with deliberate indifference towards Ms. Oley's discriminatory acts, by failing to provide adequate training and supervision to faculty and staff, and by creating a culture in which such racial discrimination is overlooked or even acceptable.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF 42 U.S.C. § 1983

75.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

76. Plaintiff C.H. has the right to be free from racially motivated abuse and harassment, from a hostile and discriminatory environment and has the right to protection from and against the hostile and discriminatory environment.

77. Ms. Oley, acting under color of state law, has deprived C.H. of his right to life, liberty, or property without due process of the law guaranteed by the Fourteenth Amendment of the U.S. Constitution through the actions of racial discrimination described in this Complaint.

78. Ms. Oley treated C.H. differently from similarly situated students in Avon Local Schools.

79. Defendant ALSB, through its failure to properly train or supervise its employees, has, by policy, practice, or custom, created a culture in which racial discrimination is overlooked or even acceptable.

80. Defendants ALSB, Michael Laub, and Jason Call knew or should have known that the failure to properly train and supervise District employees created an unreasonable risk that C.H.'s rights would be violated.

81. Defendants ALSB, Michael Laub, and Jason Call were deliberately indifferent to that risk.

82. Ms. Oley's acts of racial discrimination resulted from ALSB, Michael Laub, and Jason Call's failure to properly train or supervise their employees.

83. The violation of Plaintiff C.H.'s civil rights by Ms. Oley was ratified by Defendants ALSB, Michael Laub, and Jason Call because they failed to act or acted without training when they knew or should have known of the hostile environment.

84. Because of Defendants' actions, C.H. has suffered continuing and permanent injuries as previously described in this Complaint.

85.     Defendants' actions were willful, intentional, malicious, and showed a conscious disregard for the rights and safety of others having a great probability of causing substantial harm to Plaintiff C.H., entitling Plaintiff C.H. to punitive damages against the Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

## FIFTH CAUSE OF ACTION:

## COMMON LAW NEGLIGENCE

86.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

87.     Defendants Loretta Oley and Lynn Maslinski owed C.H. a duty of care to provide him with additional restroom breaks as needed.

88.     Ms. Oley and Ms. Maslinski breached that duty by negligently failing to provide C.H. with additional restroom breaks in conformity with his 504 Plan.

89.     Ms. Oley's and Maslinksi's actions were a proximate cause of C.H.'s continuing and permanent injuries as previously described in this Complaint.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory damages, punitive damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

## SIXTH CAUSE OF ACTION:

## VICARIOUS LIABILITY OF ALSB

90.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

91.     At all times relevant to this Complaint, Defendants Ms. Oley and Ms. Maslinski were employees of Defendant ALSB.

92.     Ms. Oley's and Ms. Maslinski's negligent acts were performed in the course and scope of their employment with the Board.

93.     Because Ms. Oley's and Ms. Maslinski's negligent failure to provide C.H. with restroom breaks according to his 504 Plan was within the course and scope of their employment, the Board is liable for the damages caused by their negligence.

WHEREFORE, Plaintiffs pray for judgment against Defendants for compensatory damages, costs, and attorney's fees against all Defendants and for such other relief as may be equitable.

### SEVENTH CAUSE OF ACTION:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

95.     Defendant Loretta Oley intentionally or recklessly inflicted physical and emotional abuses on C.H. as described in this Complaint.

96.     This sort of abuse of a child by Ms. Oley, a teacher who is supposed to be nurturing and educating children from the community, and who is responsible for the well being of her students for substantial portions of each day, is extreme and outrageous and intolerable in a civilized community which entrusts its children to educators daily.

97.     Ms. Oley's intentional and reckless acts proximately caused Plaintiff C.H. to suffer serious emotional distress in the form of nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and

emotional response when exposed to cues that remind him of the trauma he suffered. C.H. has been diagnosed with post-traumatic stress disorder related to Ms. Oley's abuses.

98.    Ms. Oley's verbal and physical abuses against C.H. were performed with actual malice against C.H., or with a conscious disregard for the rights and safety of others having a substantially probability of causing substantial harm, entitling Plaintiffs to punitive damages.

99.    Plaintiffs are entitled to compensatory damages, punitive damages, costs, and fees for Ms. Oley's tortious conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees and for such other relief as may be equitable.

## EIGHTH CAUSE OF ACTION:

## COMMON LAW ASSAULT AND BATTERY

100.    Ms. Oley, on multiple occasions, willfully and maliciously attempted to physically harm C.H. through the acts described in this Complaint.

101.    Ms. Oley's attempt to harm C.H. placed C.H. in imminent fear of such contact, to the point that he suffered severe emotional trauma in the form of post traumatic stress disorder.

102.    Ms. Oley did in fact intentionally cause harmful physical contact to C.H. through these numerous physical abuses.

103.    Ms. Oley's verbal and physical abuses against C.H. were performed with actual malice against C.H., or with a conscious disregard for the rights and safety of others having a substantially probability of causing substantial harm, entitling Plaintiffs to punitive damages.

104.    Ms. Oley's malicious physical abuses caused C.H. to suffer continuing permanent and severe emotional trauma.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees and for such other relief as may be equitable.

## NINTH CAUSE OF ACTION

### FAILURE TO REPORT SUSPECTED CHILD ABUSE UNDER OHIO R.C. 2151.421

105.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

106.    Defendant Jason Call, as principal of Avon Heritage South and an administrator and employee of ALSB, was obligated at all times relevant to this Complaint to report any suspected or actual child abuse to the appropriate child services agency or authorities pursuant to Ohio R.C. 2151.421(A)(1).

107.    Plaintiff Monique Jones reported the abuses alleged herein on November 5, 2014.

108.    Defendant Mr. Call failed to report these allegations.

109.    As a result of Defendant Mr. Call's failure to report the abuse allegations against Ms. Oley, C.H. suffered daily and continuous physical and emotional abuse that he otherwise would not have had to endure.

110.    Plaintiffs are thus entitled to compensatory and exemplary damages pursuant to Ohio R.C. 2151.421(M).

WHEREFORE, Plaintiffs pray for judgment against Defendant Jason Call for compensatory damages, punitive damages, costs, and attorney's fees and for such other relief as may be equitable.

19

## TENTH CAUSE OF ACTION

### FAILURE TO REPORT SUSPECTED CHILD ABUSE UNDER OHIO R.C. 2151.421

111.    Plaintiffs reiterate all well pled material allegations set forth above and incorporate them here, as if fully rewritten.

112.    At all relevant times, Plaintiff Monique Jones was and is C.H.'s mother and natural guardian.

113.    As a direct and proximate result of the injuries caused to C.H. by the Defendants Ms. Jones lost the love, affection, comfort, companionship and society of her son, C.H.

114.    Ms. Jones also lost part of her enjoyment of life and suffers mental distress from seeing her son's suffering, as a direct result of the physical injuries Defendants caused and continue to cause C.H. to sustain.

### Prayer for Relief

WHEREFORE, Plaintiffs request judgment against Defendants in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00) in compensatory and punitive damages. Plaintiffs also request attorney fees, expert fees, the costs incurred in the litigation of these claims, pre-judgment and post-judgment interest, and any other relief which the Court deems just and equitable under the circumstances.

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

### Instructions to the Clerk

Please serve the Complaint and Discovery Requests on Defendants by certified mail, return receipt requested, at the addresses listed in the case caption above, along with a copy of this Complaint.

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
Attorney for Plaintiffs

Sealed per Court Order Oct. 24, 2016

Sealed per Court Order Oct. 24, 2016

Last revised: 08/22/2008

FILED
LORAIN COUNTY

2016 OCT 11 A 11: 18

COURT OF COMMON PLEAS
M. ORLANDO

## LORAIN COUNTY COURT OF COMMON PLEAS
Civil Case Designation Sheet

**16 CV 190681**

MONIQUE JONES, Individually and on behalf of minor son, C.H.

Plaintiff

-v-

AVON LOCAL SCHOOL DISTRICT

Defendant

Case Number (to be completed by Clerk)

**JUDGE JAMES MIRALDI**

Assigned Judge (to be completed by Clerk)

☐ **RE-FILING**
Former case number and previously assigned Judge _____

☐ **REQUEST FOR CONSOLIDATION** (must also file motion with Court)
List companion case(s) _____

☐ **PROFESSIONAL TORT**
  ☐ Medical Malpractice
  ☐ Dental Malpractice
  ☐ Optometric Malpractice
  ☐ Chiropractic Malpractice
  ☐ Legal Malpractice
  ☐ Other Malpractice

☐ **PRODUCTS LIABILITY**
  ☐ Personal Injury
  ☐ Wrongful Death
  ☐ _____

☐ **OTHER TORT**
  ☐ Personal Injury
  ☐ Wrongful Death
  ☐ Vehicle Accident
  ☐ Miscellaneous

☐ **WORKERS' COMPENSATION**
  ☐ Non-compliant Employer
  ☐ Appeal

☐ **FORECLOSURE**
  ☐ Foreclosure
  ☐ Foreclosure – Taxes
  ☐ Foreclosure – Mechanic's Lien
  Permanent parcel no. _____

☐ **ADMINISTRATIVE APPEAL**
  ☐ Civil Service
  ☐ Motor Vehicle
  ☐ Unemployment
  ☐ Liquor
  ☐ Taxes
  ☐ Zoning

☒ **OTHER CIVIL**
  ☐ Appropriation
  ☐ Accounting
  ☐ Breach of Contract
  ☐ Cognovit
  ☐ Complex Litigation classification request
  ☐ Consumer Sales Act (Rev. Code § 1345)
  ☐ Declaratory Judgment (related case & Judge)

  ☐ Habeas Corpus
  ☐ Injunction
  ☐ Mandamus
  ☐ Replevin
  ☐ Specific Performance
  ☐ Stalking Civil Protection Order
  ☐ Foreign Judgment
  ☐ Arbitration Confirmation
  ☐ Civ. R. 3(F) Notice of Pending Litigation
  ☒ Civil Rights, 504 and ADA Violations

DATE: 10/06/2016

ATTORNEY/PARTY: Florence J. Murray, Murray & Murray

OHIO SUPREME COURT NUMBER: _____

## LORAIN COUNTY COURT OF COMMON PLEAS
*LORAIN COUNTY JUSTICE CENTER*
*225 COURT STREET*
*ELYRIA, OHIO 44035*

MONIQUE JONES                                    *CASE NO. 16CV190681*
INDIV/O.B.O MINOR SON, C.H.
1531 ROSEWOOD BLVD
AVON, OH 44011

      VS.

TO:   File Copy

# S U M M O N S   O N   C O M P L A I N T

*You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):*

MONIQUE JONES
INDIV/O.B.O MINOR SON, C.H.
1531 ROSEWOOD BLVD
AVON, OH 44011

*A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:*

FLORENCE J MURRAY
MURRAY & MURRAY CO LPA
111 EAST SHORELINE DR
SANDUSKY, OH 44870

*You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within* **TWENTY-EIGHT (28) DAYS** *after service of this summons on you, exclusive of the day you receive it. Your answer must* **ALSO** *be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.*

*If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.*

                      ***TOM ORLANDO***
                      **CLERK OF COURTS OF COMMON PLEAS**
                      **LORAIN COUNTY, OHIO**

**10/12/2016**

                      **BY:** *K Grubbs*
                             **Deputy Clerk**

*W/PLTFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFTS*

# *16CV190681*

IN THE COURT OF COMMON PLEAS
OF LORAIN COUNTY, OHIO

# 16 CV 190681

MONIQUE JONES, Individually and
on behalf of her minor son, C.H.,

    Plaintiffs,

AVON LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION
36600 Detroit Road
Avon, Ohio 44011

and

MICHAEL LAUB, individually
and in his official capacity as
SUPERINTENDENT OF AVON
LOCAL SCHOOLS
36600 Detroit Road
Avon, Ohio 44011

and

JASON CALL, as an individual and
in his official capacity as PRINCIPAL
OF AVON HERITAGE SOUTH
ELEMENTARY SCHOOL
36600 Detroit Road
Avon, Ohio 44011

and

LORETTA OLEY, as an individual and
in her official capacity as a TEACHER
AT AVON HERITAGE SOUTH
ELEMENTARY SCHOOL
36600 Detroit Road
Avon, Ohio 44011

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

JUDGE    JUDGE JAMES MIRALDI

**PLAINTIFFS' FIRST REQUESTS
FOR PRODUCTION OF
DOCUMENTS PROPOUNDED TO
DEFENDANTS AVON LOCAL
SCHOOL DISTRICT BOARD OF
EDUCATION**

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

|  |  |
|---|---|
| LYNN MASLINSKI, as an individual and in her official capacity as a TEACHER AT AVON HERITAGE SOUTH ELEMENTARY SCHOOL 36600 Detroit Road Avon, Ohio 44011 | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiffs, Monique Jones and C.H. (herein "Plaintiffs") pursuant to Ohio Rules of Civil Procedure 33, 34 and 36 request that Defendant, Avon Local School District Board of Education (herein "Defendant") respond to the following Requests for Production of Documents in writing, under oath, within twenty-eight (28) days of service. These requests are continuing in nature and require you to file supplementary answers in accordance with Rule 34 of the Ohio Rules of Civil Procedure if you obtain further or different information after your initial responses and before trial, including in such supplemental responses the date upon and the manner in which such further or different information came to your attention.

## INSTRUCTIONS FOR ANSWERING

1. All information is to be divulged which is in your possession or control of within the possession and control of your attorneys, investigators, agents, or other representatives.

2. You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

3. You are under a continuing duty to supplement your response with respect to all questions directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity of all persons expected to be called as an expert witness at trial, and the subject matter upon which those persons are expected to testify, and to correct all response which you know or later learn to be incorrect.

2

4.    In the event that any privileges are asserted as to any information or material sought by these interrogatories, or if any interrogatory is otherwise not answered or complied within full as required by Ohio Rule of Civil Procedure 33, state the specific ground for not answering or complying with the same and/or answer or comply with the same to the extent to which there is no objection, and fully identify the information or materials and documents for which the privilege is being asserted.

5.    If any answer or any part of an answer is made by reference to a document, please describe and produce the document.

6.    If your answer to an admission is anything but an unqualified admission, please state the complete basis for your denial.

## DEFINITIONS

1.    "Document" and "documentation" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Ohio Rules of Civil Procedure and means and includes, without limitation, any written, printed, typewritten, handwritten, recorded or other graphic matter or computer generated or stored information, whether produced in "hard" copy or other tangible medium or presently stored within the memory of a computer or other data storage device, such as tapes, hard or floppy disc drives, or thumb drives, now or at any time in your possession, custody or control; and, includes generally and without limiting the generality of the foregoing definitions, any correspondence, letters, **E-mail**, telegrams, telexes, cables, transcripts, agreements, contracts, notes, memoranda, jottings, projections, reports, opinions, work papers, diaries, daybooks, notebooks, calendars, address and telephone records, expense records and vouchers, time records, personnel records, minutes, summaries of any communications, reports or summaries of investigations, books of account, journals, ledgers, journal entries, accounting books

and records, spread sheets, micro-fiche cards, microfilms, photographs, films, appraisals, surveys, financial statements, financial forecasts, computer programs, computer printouts, manuals, guides, books, magazines, newspapers, publications, and all preliminary versions and drafts, revisions of, or notations on any of the foregoing, including all non-identical copies and drafts of any foregoing, and all summaries, analyses or reports relating or referring in whole or in part to any of the foregoing.

Without limitation of the term "control" as used in the preceding paragraph, a document shall be deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having possession or custody thereof.

If a document is responsive to a request for production and is in your control, but is not in your possession or custody, you are requested to identify the person with possession or custody.

2. "All documents" means every document, and every non-identical copy known to you and every such document or writing which you can locate or discover by reasonably diligent efforts.

3. "'C.H.' refers to the minor child of Monique Jones, who was a student in Defendant Oley's third-grade classroom in the fall of 2014."

4. "Person" is defined as any natural person or any business, legal or governmental entity or association.

5. "And" shall mean and/or.

6. "Or" shall mean and/or.

7. "You" and/or "your" shall refer to Defendant Avon Local School District Board of Education or any subsidiaries or operating units, including your agents, involved in the allegations of the Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** A copy of C.H.'s educational file, including any counseling records or other records created or maintained by guidance counselors at Avon Heritage Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents not in C.H.'s educational file but still relating to his attendance/education/services at Avon Heritage South Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Copies of any and all formal/informal complaints or documentation of formal/informal complaints against Loretta Oley at any time during her employment as a teacher in the Avon Local School District.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Copies of any and all formal/informal complaints or documentation of formal/informal complaints by parents against any teacher at Avon Heritage Elementary during Jason Call's employment as Principal of Avon Heritage Elementary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents regarding allegations of neglect or abuse by any faculty or staff, formal or informal, made by any parent/guardian/student at Avon Heritage Elementary during Jason Call's employment as Principal of Avon Heritage Elementary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Documents of any and all communications sent or received by Loretta Oley, Principal Call, or Lynn Maslincki that relate to or reference C.H. or Monique Jones.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Documents of any and all communications between Loretta Oley and Monique Jones.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Documents of any and all communications between Jason Call and Monique Jones;

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Documents of any notes, calendar appointments or other documentation of meetings between Monique Jones and Loretta Oley or Jason Call.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Documentation containing demographic information regarding students on IEPs or 504 Plans within the Avon Local School District as well as within the Avon Heritage Elementary School.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Copies of all District Policies containing any codes of conduct for staff/faculty.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Copies of all Bullying Policies in effect or from 2011 to the present as well as any drafts of bullying policies during the same period of time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Documents containing State-mandated bullying statistical reports as required by the applicable bullying statute.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Student disciplinary history for all bullying incidents with the Avon Local School District.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Daily logs of administrators regarding reportable bullying incidents for the time that Mr. Call was/is an administrator with Avon Local School District.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Copies of all disciplinary records of Loretta Oley.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Copies of all disciplinary records of Lynn Maslinski.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Copies of all disciplinary records of Jason Call.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Training records for Loretta Oley for both in house and continuing education.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Training records for Lynn Maslinski for both in house and continuing education.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Training records for Jason Call for both in house and continuing education.

**RESPONSE:**

Respectfully submitted,

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

## PRAECIPE TO THE CLERK

Please serve these Discovery Requests upon Defendants by certified mail, return receipt requested, at the address listed on the face of the accompanying Complaint.

Florence J. Murray (0080292)
MURRAY & MURRAY CO., L.P.A.

Attorney for Plaintiffs

## **VERIFICATION**

STATE OF OHIO       )
                         )    ss.
COUNTY OF _____ )

      The undersigned, being first duly sworn, deposes and states that it is the defendant in the above-styled cause and that the foregoing Requests for Production of Documents are true and correct as it verily believes.

                                 _____

      Sworn to and subscribed before me in my presence this _____day of _____
_____, 2016.

                                 _____
                                 Notary Public

2. Article Number

9414 7266 9904 2059 0331 71

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print C)    Laurie LaBianca    B. Date of Delivery   10/18/1

C. Signature

X _Laurie LaBianca_   ☐ Agent ☐ Addressee

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type   **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

16CV190681
MONIQUE JONES V/S AVON LOCAL SCHOOL DISTRICT BO
LORETTA OLEY
Indiv/Teacher at Avon Heritage South Elem. School
36600 DETROIT RD
AVON      OH 44011

16CV190681 MONIQUE JONES V/S AVON LOCAL SCHOOL

PS Form 3811, January 2005      Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

| | |
|---|---|
| A. Received by (Please Print C | B. Date of Deliver 10/17 |
| C. Signature X *Cheryl Swedbrook* | ☑ Agent ☑ Addre |

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

9414 7266 9904 2059 0332 01

3. Service Type  **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:
16CV190681
MONIQUE   JONES   V/S AVON LOCAL SCHOOL DISTRICT BO.
AVON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION
36600 DETROIT RD

AVON            OH  44011

16CV190681   MONIQUE   JONES   V/S AVON LOCAL SCHOOL

PS Form 3811, January 2005          Domestic Return Receipt

2. Article Number

9414 7266 9904 2059 0331 88

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Deliver

1/0/17

C. Signature

X Cheryl Sudbrook ☑ Agen
☐ Addre

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

*NTERED*

3. Service Type  CERTIFIED MAIL®

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

16CV190681
MONIQUE  JONES   V/S AVON LOCAL SCHOOL DISTRICT BC
JASON  CALL
Indiv/Superintendent of Avon Heritage South Elem.
36600 DETROIT RD
AVON                   OH  44011

16CV190681  MONIQUE   JONES   V/S AVON LOCAL SCHOOL

PS Form 3811, January 2005          Domestic Return Receipt

**2. Article Number**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9414 7266 9904 2059 0331 95

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Deliver

C. Signature

X *Cheryl Swalbrook*    ☐ Agent
                         ☐ Addre

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

**3. Service Type** CERTIFIED MAIL®

**4. Restricted Delivery?** *(Extra Fee)*    ☐ Yes

**1. Article Addressed to:**

16CV190681
MONIQUE   JONES   V/S AVON LOCAL SCHOOL DISTRICT BO
MICHAEL   LAUB
Indiv/Superintendent of Avon Local Schools
36600 DETROIT RD
AVON                        OH   44011

16CV190681   MONIQUE   JONES   V/S AVON LOCAL SCHOOL

PS Form 3811, January 2005          Domestic Return Receipt

**2. Article Number**

9414 7266 9904 2059 0331 64

**A. Received by (Please Print Clearly)** Laurie LaBianca
**B. Date of Delivery** 10/17/1

**C. Signature**
X Laurie LaBianca
☐ Agent
☐ Address

**D. Is delivery address different from item 1?**
If YES, enter delivery address below:
☐ Yes
☐ No

ENTERED

**3. Service Type** CERTIFIED MAIL®

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

16CV190681
MONIQUE JONES V/S AVON LOCAL SCHOOL DISTRICT BC
LYNN MASLINSKI
Indiv/Teacher at Avon Heritage South Elem. School
36600 DETROIT RD
AVON OH 44011

16CV190681 MONIQUE JONES V/S AVON LOCAL SCHOOL

PS Form 3811, January 2005 Domestic Return Receipt

Oct 20 2016 4:59PM Murray & Murray Co, LPA 4196240707                          page 1



Date:  October 20, 2016

### PLEASE DELIVER THE FOLLOWING PAGES TO:

Name:  Clerk of Courts – Civil Division          From:  Florence J. Murray
         Lorain County Common Pleas Court

Facsimile #:  (440) 328-2416          Telephone #:  (419) 624-3011

Total number of pages (including cover sheet):  ___3___

Message:

RE:  Monique Jones, Individually and on behalf of her minor son, C.H. vs. Avon Local School
     District Board of Education *et. al.*
     Case No.:  16CV190681
     Honorable Judge James Miraldi

Please find attached the following document that we would like to file in regard to the above
reference case:

### 1. MOTION TO STRIKE EXHIBIT ONE OF PLAINTIFFS' COMPLAINT

If you need anything further, please let us know.  Thank you for your assistance in this matter.

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO. L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Direct Telephone:  (419) 624-3011
Facsimile:  (419) 624-0707
Attorney for Plaintiffs

If the telecopy you receive is incomplete or illegible, please immediately call Murray & Murray Co., L.P.A. at (419) 624-3135 or send an electronic transmission to tracie@murrayandmurray.com.

111 EAST SHORELINE DRIVE · SANDUSKY, OHIO 44670-2517· WWW.MURRAYANDMURRAY.COM · TELEPHONE: (419) 624-3000





FILED
LORAIN COUNTY

2016 OCT 24  P 12: 06

COURT OF COMMON PLEAS
TOM ORLANDO

## LORAIN COUNTY COURT OF COMMON PLEAS
### LORAIN COUNTY, OHIO

**TOM ORLANDO, Clerk**
**JOURNAL ENTRY**
James L. Miraldi, Judge

Date _____10/21/16_____          Case No. ___16CV190681_____

MONIQUE JONES                        FLORENCE J MURRAY
_____     _____
Plaintiff                            Plaintiff's Attorney    (419)624-3000
             VS

AVON LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION
_____     _____
Defendant                            Defendant's Attorney

Plaintiff's motion to strike Exhibit 1 to Plaintiff's Complaint is granted. Exhibit 1 will be
replaced with a redacted version of Exhibit 1.

VOL 231 PAGE 1695

_James L. Miraldi_

James L Miraldi, Judge

*16CV190681*

Oct 24 2016 11:15AM Murray & Murray Co., LPA 4196240707      page 1

DENNIS J. MURRAY, SR.
A. H. L. N. MURRAY
MONET J. MURRAY
DEBORAH L. MURRAY
CHAD M. MURRAY
JOSEPH L. S. L. J. MURRAY
A. J. P. J. MURRAY
LESLIE C. MURRAY
FLORENCE J. MURRAY



## MURRAY & MURRAY
### EXPERIENCED TRIAL LAWYERS

Date: October 24, 2016

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name: Clerk of Courts – Civil Division     From: Florence J. Murray
        Lorain County Common Pleas Court

Facsimile #: (440) 328-2416        Telephone #: (419) 624-3011

Total number of pages (including cover sheet): ____3____

Message:

RE:    Monique Jones, Individually and on behalf of her minor son, C.H. vs. Avon Local School
      District Board of Education et. al.
      Case No.: 16CV190681
      Honorable Judge James Miraldi

Please find attached the following document that we would like to file in regard to the above
reference case:

    1. **NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE TO JASON**
       **CALL IN HIS INDIVIDUAL CAPACITY ONLY, AND TO DISMISS ALL**
       **CLAIMS AS TO MICHAEL LAUB AND LYNN MASLINSKI**

If you need anything further, please let us know. Thank you for your assistance in this matter.

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO. L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Direct Telephone: (419) 624-3011
Facsimile: (419) 624-0707
Attorney for Plaintiffs

If the telecopy you receive is incomplete or illegible, please immediately call Murray & Murray Co., L.P.A. at (419) 624-
send an electronic transmission to tracie@murrayandmurray.com.

ENTERED

| FILED |
| Lorain County Common Pleas Court |
| by Fax dated |
| 10-20-16 |
| Tom Orlando, Clerk of Courts |

## IN THE COURT OF COMMON PLEAS
## OF LORAIN COUNTY OHIO

MONIQUE JONES, individually and ) 
on behalf of her minor son, C.H., )        Case No: 16 CV 190681
)
        Plaintiffs, )        JUDGE JAMES MIRALDI
)
v. )        **MOTION TO STRIKE EXHIBIT**
)        **ONE OF PLAINTIFFS'**
AVON LOCAL SCHOOL DISTRICT )        **COMPLAINT**
BOARD OF EDUCATION, et al., )
)
        Defendants. )
)

Now Comes Plaintiff Monique Jones, by and through counsel, and moves this Court to strike Exhibit 1 to Plaintiffs' Complaint. The Exhibit contains identifying information of C.H., a minor child. In the interest of minor child C.H., Plaintiff Jones requests that the Exhibit be stricken and substituted for a copy of the original with identifying information redacted. Striking the document so that it may be replaced will not work to the prejudice of any of the Defendants, and will only serve to protect C.H.'s identifying information from disclosure:

Respectfully submitted,

*/s/ Florence J. Murray*
Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

A copy of the foregoing motion has been served electronically, pursuant to Civ.R.

5(B)(2)(f), upon:

Jessica K. Philemond
jessica@scottscrivenlaw.com
250 East Broad St. Suite 900
Columbus, Ohio 43215
*Attorney for Defendants*

/s/ *Florence J. Murray*
Florence J. Murray (0080292)
Attorney for Plaintiffs



FILED
LORAIN COUNTY

2016 OCT 26  A 11: 20

COURT OF COMMON PLEAS
TOM ORLANDO

## IN THE COURT OF COMMON PLEAS
## OF LORAIN COUNTY, OHIO

MONIQUE JONES, individually and )
on behalf of her minor son, C.H., )
1531 Rosewood Blvd )
Avon, Ohio 44011 )
)
      Plaintiffs, )
)
v. )
)
AVON LOCAL SCHOOL DISTRICT )
BOARD OF EDUCATION )
36600 Detroit Road )
Avon, Ohio 44011 )
)
and )
)
JASON CALL, in his official capacity )
as PRINCIPAL OF AVON HERITAGE )
SOUTH ELEMENTARY SCHOOL )
36600 Detroit Road )
Avon, Ohio 44011 )
)
and )
)
LORETTA OLEY, as an individual and )
in her official capacity as a TEACHER )
AT AVON HERITAGE SOUTH )
ELEMENTARY SCHOOL )
36600 Detroit Road )
Avon, Ohio 44011 )
)
and )
)
KIMBERLY FULLER, in her official )
capacity as a LICENSED THERAPIST )
at DIANA SANTANTONIO, ED. S. & )
ASSOCIATES, LLC, dba )

Case No:  16 CV 190681

JUDGE JAMES MIRALDI

**PLAINTIFFS' FIRST AMENDED**
**COMPLAINT**

Florence J. Murray (0080292)
MURRAY & MURRAY CO., LPA
111 E. Shoreline Drive
Sandusky, Ohio 44870

(Jury demand endorsed hereon)

PSYCH & PSYCH SERVICES                    )
c/o Diana Santantonio                     )
750 S. Abbe Road                          )
Elyria, Ohio 44035                        )
                                          )
            Defendants.                   )

## INTRODUCTION

1.      Now come the Plaintiffs, Monique Jones, individually and on behalf of her son,

Plaintiff C.H., a minor, and brings this action against Defendants Avon Local School District

Board of Education (the "Board" or "ALSB"); Jason Call, in his official capacity as principal of

Avon Heritage South; Loretta Oley, in her individual and official capacity as a teacher at Avon

Heritage South; and Kimberly Fuller, in her official capacity as a licensed therapist at Diana

Santantonio, Ed. S. & Associates, LLC, dba Psych & Psych Services ("Psych & Psych" or

"Psych & Psych Services").

2.      This is a civil action for compensatory damages and punitive damages where

available for violations of rights provided by and obligations imposed under Section 504 of the

Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 12101, et seq.; the Fourteenth Amendment of the U.S. Constitution;

42 U.S.C. § 1983 ("Section 1983"); and their respective implementing regulations, if any. This

civil action also includes claims of common law negligence, intentional infliction of emotional

distress ("IIED"), and assault and battery, as well as violations of Ohio R.C. § 4151.421

(collectively, the "State Law Claims").

3.      This action is brought to redress the injuries suffered by Plaintiff C.H. arising

from the Defendants' discrimination against C.H., based upon his perceived and actual status as

an "individual with a disability" as defined by Section 504 and the ADA.

2

## JURISDICTION AND VENUE

4.     Jurisdiction and venue are proper in this Court because the events giving rise to this action took place in Avon, Lorain County, Ohio.

## PARTIES

5.     Plaintiff C.H. is a minor of age 10, who at all times relevant to the allegations of this Complaint was a student of Avon Heritage South Elementary School ("Avon Heritage South"), one of two elementary schools in Avon Local School District.

6.     C.H. is an "individual with a disability" as defined by 29 U.S.C. § 705(20)(B), as well as 42 U.S.C. § 12102 and the ADA implementing regulation 28 CFR § 35.104, and as more fully described herein.

7.     C.H. is also a "qualified handicapped person" under 34 CFR § 104.3(*l*)(2) of the implementing regulations of Section 504.

8.     Plaintiff Monique Jones is the mother and natural guardian of C.H., who is a resident of Avon Local School District in Lorain County, Ohio.

9.     Defendant ALSB is a political subdivision capable of suing and being sued. The Board receives and benefits from federal financial assistance within the meaning of Section 504 through a number of federal programs.

10.     Defendant ALSB is a public entity as defined by 42 U.S.C. § 12131(1)(B).

11.     Defendant Jason Call, in his official capacity, is and was at all relevant times employed by the Board as principal of Avon Heritage South. Duties of the principal are delegated by the Superintendent, and include ensuring that the school and its personnel comply with all Federal and State antidiscrimination statutes. Mr. Call is also subject to the child abuse reporting requirements of R.C. 2151.421.

3

12.     Defendant Loretta Oley is an individual, and, in her official capacity, is a third-grade teacher employed by the Board and working at Avon Heritage South. Ms. Oley was C.H.'s third-grade teacher until Plaintiff Jones removed him from the school in mid-November of 2014.

13.     Defendant Kimberly Fuller was, at all times relevant to this complaint, working in her official capacity as a licensed therapist for Psych & Psych Services, and is subject to the child abuse reporting requirements of R.C. 2151.421.

## FACTUAL ALLEGATIONS

14.     Defendant ALSB is the board of education which administers all schools located in Avon Local School District in Avon, Lorain County, Ohio, which services over 16,000 students in the western portion of Greater Cleveland.

15.     Over 88% of students serviced by ALSB are white, and only 2.5% are African American. (Ohio Department of Education Fiscal Year 2015 District Profile Report).

16.     Avon Heritage South is the south campus of Avon Heritage Elementary School, one of two elementary schools in Avon Local School District. The school-specific demographics of Avon Heritage South are comparable to that of the district as a whole.

17.     Plaintiff Monique Jones and her son C.H. are African American. They reside within the Avon Local School District at the Timber Lake Apartments, 1531 Rosewood Boulevard, in Avon, Ohio. Residents of Timber Lake Apartment are predominantly minorities.

18.     On August 20, 2014, C.H. began the 2014-2015 school year at Avon Heritage South as a third-grade student in Ms. Oley's class.

19.     C.H. was also a student at Avon Heritage South during kindergarten, first, and second grades.

20.     By all accounts, C.H. was regarded as a polite and quiet student who actively participated in class and generally completed his work without incident.

21.     C.H. was the only African American student in his third-grade class.

22.     C.H. has been entitled to receive accommodations under a 504 plan for "Benign Urinary Frequency Syndrome" since October 3, 2014. The plan in effect at all times relevant to this Complaint required that C.H. receive accommodations in the form of additional consideration for restroom breaks, assessments in the small-group setting, and extended time to complete assignments due to his frequent need to use the restroom. *See* October 3, 2014, 504 Plan, attached as Exhibit 1.

23.     In early September of 2014, Plaintiff Jones met with Ms. Oley. Ms. Jones wanted to build a relationship with C.H.'s teacher, and also receive some guidance on how she could help C.H. with his work.

24.     At this meeting, Ms. Jones happened to mention that she had recently been diagnosed with Attention Deficit Disorder ("ADD"). Ms. Oley responded that Ms. Jones's ADD diagnosis explained a lot about C.H.'s behavior. Ms. Oley told Ms. Jones that she thought C.H. had ADD or Attention Deficit Hyperactivity Disorder ("ADHD") and that he should be medicated, stating that if the parent had ADD/ADHD that the child will have ADD/ADHD as well.

25.     Ms. Oley told Ms. Jones that C.H. was having difficulty focusing and was struggling to keep up with the rest of the class. Ms. Oley only began describing C.H.'s progress in this way after she learned that Ms. Jones had been diagnosed with ADD.

26.     Plaintiff Jones explained that C.H. had never had any issues symptomatic of ADD/ADHD in all the time he had been a student at ALSB.

27.     Thereafter, Ms. Oley frequently mentioned C.H.'s ADD/ADHD in conversations with Ms. Jones. Ms. Oley continually suggested that C.H. had ADD/ADHD in numerous communications with Ms. Jones throughout this time.

28.     On at least one occasion, Ms. Oley discussed her belief that C.H. had ADD/ADHD with another parent.

29.     In late September, Ms. Jones again spoke with Ms. Oley. Ms. Oley suggested that C.H. be placed on a 504 plan for frequent urination. According to Ms. Oley, this would allow C.H. more time to do his work, and would allow him to take extra time on the upcoming timed OAA third-grade reading assessment. Ms. Jones told Ms. Oley that she would do some research into the plan and get back to her.

30.     Principal Call contacted Ms. Jones multiple times during the next few days to speak with Ms. Jones about the 504 plan. He pressured Ms. Jones to get the 504 plan established quickly because state standardized testing would begin the next week.

31.     On October 3, 2014, less than one week after Ms. Oley suggested that C.H. be placed on a 504 plan, Defendants Ms. Oley and Mr. Call met with Ms. Jones and the three signed a 504 plan for C.H. The plan allowed C.H. to take additional restroom breaks as needed, to take assessments in a small group setting, and to have extended time on lengthy assignments based on his frequent need to use the restroom. In this meeting, Ms. Oley stated that she had no problems with C.H.

32.     Unbeknownst to Ms. Jones, however, Ms. Oley had been physically and emotionally abusing C.H. on a daily basis, and continued to do so until Ms. Jones withdrew C.H. in early November of 2014. During this time, she:

6

a. isolated C.H. from other students by repeatedly forced C.H. to remain inside for recess without any reason to do so;

b. repeatedly whispered incorrect answers to questions into C.H.'s ear, and only told him they were wrong after calling on him to answer in front of the entire class, thereby embarrassing and humiliating C.H.;

c. erased correct answers on C.H.'s worksheets and used his own hand to forcibly rewrite the wrong answers;

d. removed C.H.'s completed work from the turn-in bin and then chastise him for not completing his assignments;

e. on multiple occasions, would randomly draw C.H's name to respond to a question, only to place his name back into the drawing bin and redraw for another student, thereby embarrassing and humiliating C.H.;

f. refused to let C.H. use the restroom, despite C.H.'s repeated requests, resulting in C.H. soiling himself;

g. pinched and squeezed C.H.'s hands;

h. threw C.H.'s books and papers;

i. told C.H. that he "wasn't smart enough";

j. threatened C.H. by telling him that "she knows where he lives"; and

k. yelled at or otherwise verbally abused C.H., both in private and in front of other students.

33. Upon information and belief, multiple parents of C.H.'s classmates, and other teachers at Avon Heritage South, witnessed these or similar behaviors from Ms. Oley.

34.     Ms. Jones only discovered that these abuses were occurring when C.H. came home from school on November 3, 2014, in hysterics, telling Ms. Jones about the abuses and begging her not to send him back to school.

35.     Immediately upon discovering that Ms. Oley was abusing her son in this fashion, Ms. Jones scheduled a meeting with Defendant Principal Call.

36.     On or about November 5, 2014, Plaintiff Jones met with Principal Call. She told him that Ms. Oley had been abusing C.H., and that Ms. Oley had spoken to another parent about his perceived disability. Mr. Call asked Ms. Jones not to mention anything about Ms. Oley speaking to another parent, and told her he would deal with Ms. Jones's concerns.

37.     Ms. Jones requested that C.H. be removed from Ms. Oley's classroom. Mr. Call refused.

38.     Mr. Call also mentioned that he did not want C.H. to feel isolated because he was the only African American student in Ms. Oley's class.

39.     Defendant Mr. Call did not report the allegations of physical abuse as required by Ohio Law.

40.     Ms. Oley continues to teach at Avon Heritage South. Upon information and belief, Ms. Oley has not been reprimanded or disciplined by ALSB in any way for her actions.

41.     Pursuant to a prior referral by Ms. Oley, Ms. Jones also scheduled an appointment for November 4, 2014 with Psych & Psych Services to formally evaluate C.H. for ADD/ADHD.

42.     Between November 4 and December 12, 2014, Psych & Psych licensed therapist Kimberly Fuller met with C.H. and Ms. Jones a total of three times.

43.     Ms. Jones reported Ms. Oley's physical abuses to Ms. Fuller during Ms. Fuller's meetings with the family.

8

44. Ms. Fuller also noted that C.H. had trouble in class with his teacher assuming he had ADHD. She also noted C.H.'s anxiety and stress about his teacher, and that he exhibited perseverating behaviors.

45. During one visit to Psych & Psych, C.H. was so distraught he cried himself to sleep on the floor of the room.

46. Ms. Jones was provided with evaluation forms for C.H.'s teachers to complete.

47. Ms. Oley and another teacher at Avon Heritage South, Lynn Maslinski, completed the Psych & Psych evaluation forms.

48. Psych & Psych did not diagnose C.H. with ADD/ADHD. To date, C.H. has never been diagnosed with ADD or ADHD, despite ongoing counseling sessions, and multiple independent evaluations by licensed professionals.

49. On November 7, 2014, Ms. Jones removed C.H. from the District and enrolled him in a charter school in Cleveland.

50. On December 9, 2014, C.H. was diagnosed with post traumatic stress disorder as a result of Ms. Oley's abuses and discrimination. He suffers from nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and emotional response when exposed to cues that remind him of the trauma he suffered.

51. As an example of the trauma Ms. Oley inflicted on C.H., Ms. Jones kept a knife above the doorway to their home because it was the only way she could convince C.H. that they were safe from Ms. Oley sneaking into their home at night.

52. C.H. has received ongoing counseling services since December of 2014 and is currently receiving counseling services.

53.     Ms. Jones was forced to abandon her nursing studies at Lorain County Community College to transport C.H. to and from school as well as to his multiple counseling sessions, and to care for C.H. who is now afraid to be left alone.

54.     Ms. Jones has also been diagnosed with post traumatic stress disorder as a result of the emotional distress she has endured from her son's abuse.

## FIRST CAUSE OF ACTION:

## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)

55.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

56.     C.H. is an "individual with a disability" as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(3), such definitions being incorporated into Section 504 under 29 U.S.C. § 705(20)(B) as well as 34 CFR § 104.3(j)(2)(iv) of the implementing regulations of Section 504, as Ms. Oley regarded C.H. as having ADD/ADHD, mental impairments to the major life activity of learning.

57.     C.H. is also an "individual with a disability" under 42 U.S.C. § 12102(1)(A), as C.H.'s Benign Urinary Frequency Syndrome is a condition which substantially limits the operation of his bladder, a major bodily function as defined by 42 U.S.C. § 12102(2)(B).

58.     Under the implementing regulations of Section 504, specifically, 34 CFR § 104(*l*)(2)(i), C.H. was at all times relevant to this Complaint otherwise qualified to participate in and receive the benefits of the education programs and activities offered by ALSB, a local educational agency as defined in 29 U.S.C. § 7801(26).

59.     ALSB, as a local educational agency, is a program or activity under 29 U.S.C. § 794(b)(1)(B).

60.    ALSB, as the administrative body who administers education throughout Avon Local School District, a public school district, receives federal financial assistance.

61.    Defendant ALSB violated Section 504, 29 U.S.C. § 794 and its implementing regulations by excluding C.H. from participation in or denying C.H. the benefits of services, programs, or activities of ALSB by reason of his actual and perceived disabilities, and subjecting him to discrimination based on his Benign Urinary Frequency Syndrome and his perceived ADD/ADHD.

62.    Ms. Oley has repeatedly discriminated against C.H. and denied him the opportunity to receive the benefit of Avon Heritage South's services—an opportunity otherwise afforded to his non-disabled peers—by verbally and physically abusing C.H. because of the disability she perceived C.H. to have.

63.    Ms. Oley also discriminated against C.H. based on his actual disability by denying him access to the restroom to such an extent that C.H. would soil himself on an almost daily basis, despite the accommodations required by his 504 Plan that he "be afforded additional considerations to use the restroom on a more frequent basis as necessary." *See* Exhibit 1.

64.    Defendant Mr. Call was aware of Ms. Oley's discriminatory acts and was obligated by the duties of his position, as well as state and federal law, to take action to remedy the situation. Instead, Mr. Call perpetuated the discrimination by acting with deliberate indifference towards Ms. Oley's discriminatory acts, despite being informed of these problems by Plaintiff Jones, and even making attempts to cover up Ms. Oley's violations.

65.    ALSB aided and perpetuated this discrimination by acting with deliberate indifference towards Ms. Oley's discriminatory acts, by failing to provide adequate training and

11

supervision to faculty and staff, and by creating a culture in which such discrimination is overlooked or even acceptable.

66. Because of Defendant ALSB's discrimination, Plaintiff C.H. now suffers from frequent nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and emotional response when exposed to cues that remind him of the trauma he suffered. C.H. has been diagnosed with post traumatic stress disorder related to Ms. Oley's abuses.

WHEREFORE, Plaintiffs pray for judgment against Defendant ALSB for all remedies available pursuant to 29 U.S.C. §§ 794 and 794a, including compensatory damages, costs, and attorney's fees, and for such other relief as may be equitable.

## SECOND CAUSE OF ACTION:

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12132)

67. Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

68. C.H. is an individual with a disability, as defined by 42 U.S.C. § 12102(1)(C) and 12102(3), as Ms. Oley regarded C.H. as having Attention Deficit Disorder, a mental impairment to the major life activity of learning.

69. C.H. is a "qualified individual with a disability" under 28 C.F.R. 35.104 of the implementing regulations of the ADA.

70. The Board is a "public entity" as defined by the ADA.

71. Defendant ALSB has violated the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations by excluding C.H. from participation in or denying C.H.

the benefits of its services, programs, or activities, by reason of his perceived disability, and by discriminating against him based upon a perceived disability.

72.    Ms. Oley has repeatedly denied C.H. the equal opportunity to receive the benefit of Avon Heritage South's services—an opportunity otherwise afforded to his non-disabled peers—by verbally and physically abusing C.H. because of the disability she perceived C.H. to have.

73.    Defendant Ms. Oley also discriminated against C.H. based on his actual disability by denying him access to the restroom to such an extent that C.H. would soil himself on an almost daily basis, despite the accommodations required by his 504 Plan that he "be afforded additional considerations to use the restroom on a more frequent basis as necessary." *See* Exhibit 1.

74.    Defendant Mr. Call was aware of Ms. Oley's discriminatory acts and was obligated by the duties of his position, as well as state and federal law, to take action to remedy the situation. Instead, Mr. Call perpetuated the discrimination by acting with deliberate indifference towards Ms. Oley's discriminatory acts despite being informed of these problems by Plaintiff Jones, and even making attempts to cover up Ms. Oley's violations.

75.    The Board aided and perpetuated this discrimination by acting with deliberate indifference towards Ms. Oley's discriminatory acts, by failing to provide adequate training and supervision to faculty and staff, and by creating a culture in which such discrimination is overlooked or even acceptable.

WHEREFORE, Plaintiffs pray for judgment against Defendant ALSB for all remedies available pursuant to 42 U.S.C. §§ 12133 and 29 U.S.C. § 794a, including compensatory damages, costs, and attorney's fees, and for such other relief as may be equitable.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

76.　Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

77.　Ms. Oley, acting under color of state law, intentionally discriminated against C.H. based on his perceived disability in violation of the Fourteenth Amendment of the U.S. Constitution.

78.　Ms. Oley classified C.H. as a disabled student based on her belief that he had ADD/ADHD.

79.　Ms. Oley purposely treated C.H. differently from non-disabled students in Avon Local Schools because of her belief that he had ADD/ADHD, as non-disabled students were not regularly subjected to Ms. Oley's bullying in the form of physical and emotional abuse.

80.　Because of Ms. Oley's actions, C.H. has suffered continuing and permanent injuries as previously described in this Complaint.

81.　Defendants' actions were willful, intentional, malicious, and showed a conscious disregard for the rights and safety of others having a great probability of causing substantial harm to Plaintiff C.H., entitling Plaintiff C.H. to punitive damages against the Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees, and for such other relief as may be equitable.

14

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF C.H.'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

82.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

83.     C.H. has a right to be free from the arbitrary actions of government employees. This includes the right to be free from the use of excessive force by his teachers.

84.     Ms. Oley, acting under color of state law, bullied C.H. every school day, in front of his classmates, other parents, and in private.

85.     Ms. Oley's affirmative acts of targeting C.H. in the classroom, including giving C.H. the wrong answers, humiliating C.H., spitting in his face, pinching and squeezing his hand, throwing books, yelling at him, and other physical and psychological abuses described in this Complaint were arbitrary, and violate the constitutional protections of the Due Process Clause of the Fourteenth Amendment.

86.     Ms. Oley's verbal and physical abuses against C.H. were performed with actual malice against C.H., or with a conscious disregard for the rights and safety of others having a substantially probability of causing substantial harm, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees, and for such other relief as may be equitable.

## FIFTH CAUSE OF ACTION:

## COMMON LAW NEGLIGENCE

87.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

15

88.    Defendant Loretta Oley owed C.H. a duty of care to provide him with additional restroom breaks as needed.

89.    Ms. Oley breached that duty by negligently failing to provide C.H. with additional restroom breaks in conformity with his 504 Plan.

90.    Ms. Oley acted with actual malice in denying C.H. additional bathroom breaks, or with a conscious disregard of the rights and safety of others having a great probability of substantial harm, as indicated by the allegations above.

91.    Ms. Oley's actions were a proximate cause of C.H.'s continuing and permanent injuries as previously described in this Complaint.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees, and for such other relief as may be equitable.

## SIXTH CAUSE OF ACTION:

## VICARIOUS LIABILITY OF ALSB

92.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

93.    At all times relevant to this Complaint, Defendant Ms. Oley was an employee of Defendant ALSB.

94.    Ms. Oley's negligent acts were performed in the course and scope of their employment with the Board.

95.    Because Ms. Oley's negligent failure to provide C.H. with restroom breaks according to his 504 Plan was within the course and scope of their employment, the Board is liable for the damages caused by her negligence.

WHEREFORE, Plaintiffs pray for judgment against Defendant ALSB for compensatory damages, costs, and attorney's fees and for such other relief as may be equitable.

## SEVENTH CAUSE OF ACTION:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96.     Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

97.     Defendant Loretta Oley intentionally or recklessly inflicted physical and emotional abuses on C.H. as described in this Complaint.

98.     This sort of abuse of a child by Ms. Oley, a teacher who is supposed to be nurturing and educating children from the community, and who is responsible for the well being of her students for substantial portions of each day, is extreme and outrageous and intolerable in a civilized community which entrusts its children to educators daily.

99.     Ms. Oley's intentional and reckless acts were a proximate cause of Plaintiff C.H.'s serious emotional distress in the form of nightmares, flashbacks, hyper vigilance, auditory hallucinations, difficulty concentrating or sleeping, and a heightened psychological and emotional response when exposed to cues that remind him of the trauma he suffered. C.H. has been diagnosed with post traumatic stress disorder related to Ms. Oley's abuses.

100.     Ms. Oley's verbal and physical abuses against C.H. were performed with actual malice against C.H., or with a conscious disregard for the rights and safety of others having a substantially probability of causing substantial harm, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees, and for such other relief as may be equitable.

17

### EIGHTH CAUSE OF ACTION:

### COMMON LAW ASSAULT AND BATTERY

101.    Ms. Oley, on multiple occasions, willfully and maliciously attempted to physically harm C.H. through the acts described in this Complaint.

102.    Ms. Oley's attempt to harm C.H. placed C.H. in imminent fear of such contact, to the point that he suffered severe emotional trauma in the form of post traumatic stress disorder.

103.    Ms. Oley did in fact intentionally cause harmful physical contact to C.H. through these numerous physical abuses.

104.    Ms. Oley's verbal and physical abuses against C.H. were performed with actual malice against C.H., or with a conscious disregard for the rights and safety of others having a great probability of causing substantial harm, entitling Plaintiffs to punitive damages.

105.    Ms. Oley's malicious physical abuses caused C.H. to suffer continuing permanent and severe emotional trauma.

WHEREFORE, Plaintiffs pray for judgment against Defendant Loretta Oley for compensatory damages, punitive damages, costs, and attorney's fees, and for such other relief as may be equitable.

### NINTH CAUSE OF ACTION

### FAILURE TO REPORT SUSPECTED CHILD ABUSE UNDER OHIO R.C. 2151.421

106.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if they were fully rewritten herein.

107.    Defendant Jason Call, as principal of Avon Heritage South and an administrator and employee of ALSB, was obligated at all times relevant to this Complaint to report any

suspected or actual child abuse to the appropriate child services agency or authorities pursuant to R.C. 2151.421(A)(1).

108. Defendant Kimberly Fuller, as a person engaged in the practice of professional counseling, was also subject to the mandatory reporting requirements of R.C. 2151.421(A)(1).

109. Plaintiff Monique Jones reported the abuses alleged herein to Mr. Call on November 5, 2014.

110. Plaintiff Monique Jones also reported the abuse alleged herein to Ms. Fuller during Ms. Fuller's meetings with the family.

111. Ms. Fuller also spoke directly with C.H. at these meetings.

112. Defendants Mr. Call and Ms. Fuller failed to report allegations of abuse to the appropriate agency or authorities.

113. Plaintiffs are thus entitled to compensatory and exemplary damages against Defendants Jason Call and Kimberly Fuller pursuant to Ohio R.C. 2151.421(M).

WHEREFORE, Plaintiffs pray for judgment against Defendants Jason Call and Kimberly Fuller for compensatory damages, punitive damages, costs, and attorney's fees and for such other relief as may be equitable.

## TENTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

114. Plaintiffs reiterate all well pled material allegations set forth above and incorporate them here, as if fully rewritten.

115. At all relevant times, Plaintiff Monique Jones was and is C.H.'s mother and natural guardian.

19

116.    As a direct and proximate result of the injuries caused to C.H. by the Defendants Ms. Jones lost the love, affection, comfort, companionship and society of her son, C.H.

117.    Ms. Jones also lost part of her enjoyment of life and suffered mental distress from seeing her son's suffering to such an extent that she has been formally diagnosed with post traumatic stress disorder, as a direct result of the physical injuries Defendants caused and continue to cause C.H. to sustain.

### Prayer for Relief

WHEREFORE, Plaintiffs request judgment against Defendants in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00) in compensatory and punitive damages to be determined by a jury.  Plaintiffs also request attorney fees, expert fees, the costs incurred in the litigation of these claims, pre-judgment and post-judgment interest, and any other relief which the Court deems just and equitable under the circumstances.

Respectfully submitted,

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH  44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

20

## PRAECIPE TO THE CLERK

Please serve a copy of the Complaint to the below named Defendant only, by U.S.

Certified Mail, Return Receipt Requested:

KIMBERLY FULLER, in her official
capacity as a LICENSED THERAPIST
at DIANA SANTANTONIO, ED. S. &
ASSOCIATES, LLC, dba
PSYCH & PSYCH SERVICES
c/o Diana Santantonio
750 S. Abbe Road
Elyria, Ohio 44035

Florence J. Murray (0080292)
MURRAY & MURRAY CO., L.P.A.
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing document has been served electronically, pursuant to Civ.R.

5(B)(2)(f), upon:

Jessica K. Philemond
jessica@scottscrivenlaw.com
250 East Broad St. Suite 900
Columbus, Ohio 43215
*Attorney for Defendants Avon Board of Education and its Employees*

on this 25th day of October, 2016.

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
Attorney for Plaintiffs

Oct 24 2016 11:15AM Murray & Murray Co, LPA 4196240707                    page 2

*ENTERED*

FILED
Lorain County Common Pleas Court
by Fax dated

10-24-16

Tom Orlando, Clerk of Courts

### IN THE COURT OF COMMON PLEAS
### OF LORAIN COUNTY OHIO

| | | |
|---|---|---|
| MONIQUE JONES, individually and on behalf of her minor son, C.H., | ) | Case No: 16 CV 190681 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES MIRALDI |
| | ) | |
| v. | ) | **NOTICE OF VOLUNTARY DISMISSAL** |
| | ) | **WITHOUT PREJUDICE TO JASON** |
| AVON LOCAL SCHOOL DISTRICT | ) | **CALL IN HIS INDIVIDUAL CAPACITY** |
| BOARD OF EDUCATION, et al., | ) | **ONLY, AND TO DISMISS ALL CLAIMS** |
| | ) | **AS TO MICHAEL LAUB AND LYNN** |
| Defendants. | ) | **MASLINSKI** |
| | ) | |

Pursuant to Ohio Civil Rule 41(A) the Plaintiffs hereby voluntarily, and without prejudice, dismiss their claim as to Jason Call in his individual capacity **only**, and to dismiss all claims as to Michael Laub and Lynn Maslinski.

Respectfully submitted,

Florence J. Murray (0080292)
fjm@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing document has been served electronically, pursuant to Civ.R.

5(B)(2)(f), upon:

Jessica K. Philemond
jessica@scottscrivenlaw.com
250 East Broad St. Suite 900
Columbus, Ohio 43215
*Attorney for Defendants*

on this 24th day of October, 2016.

Florence J. Murray (0080292)
Attorney for Plaintiffs

# LORAIN COUNTY COURT OF COMMON PLEAS
## LORAIN COUNTY JUSTICE CENTER
### 225 COURT STREET
### ELYRIA, OHIO 44035

MONIQUE JONES
INDIV/O.B.O MINOR SON, C.H.
1531 ROSEWOOD BLVD
AVON, OH 44011

CASE NO. 16CV190681

VS.

TO:   File Copy

# SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

MONIQUE JONES
INDIV/O.B.O MINOR SON, C.H.
1531 ROSEWOOD BLVD
AVON, OH 44011

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

FLORENCE J MURRAY
MURRAY & MURRAY CO LPA
111 EAST SHORELINE DR
SANDUSKY, OH 44870

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
CLERK OF COURTS OF COMMON PLEAS
LORAIN COUNTY, OHIO

10/31/2016

BY: _____
          **Deputy Clerk**

PLNTFFS' FIRST AMENDED COMPLAINT

*16CV190681*

FILE COPY

*ENTERED*



FILED
LORAIN COUNTY
2016 OCT 31  P 2: 37
CLERK OF COMMON PLEAS
TOM ORLANDO

## LORAIN COUNTY COURT OF COMMON PLEAS
### LORAIN COUNTY, OHIO

**TOM ORLANDO, Clerk**
**JOURNAL ENTRY**
**James L Miraldi, Judge**

Date _____10/31/16_____        Case No. ___16CV190681___

__MONIQUE JONES__                __FLORENCE J MURRAY__
Plaintiff                       Plaintiff's Attorney    (419)624-3000

      VS

__AVON LOCAL SCHOOL DISTRICT__
__BOARD OF EDUCATION__          _____
Defendant                       Defendant's Attorney

Plaintiff has dismissed the claims against Defendants Michael Laub, Lynn Maslinski, and Jason Call in his individual capacity, in the above-captioned case without prejudice. All other claims remain pending.

VOL __1231__ PAGE __2370__

*James L. Miraldi* (signature)
_____
**James L Miraldi, Judge**

## *16CV190681*

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
| --- | --- |
| | A. Received by (Please Print Clearly) | B. Date of Deliver |
| 9414 7266 9904 2057 0941 88 | |
| | C. Signature |
| | ☐ Agent |
| | ☐ Addre |
| 3. Service Type CERTIFIED MAIL® | D. Is delivery address different from Item 1? ☐ Yes |
| | If YES, enter delivery address below: ☐ No |
| 4. Restricted Delivery? (Extra Fee) ☐ Yes | |

ENTERED

1. Article Addressed to:
16CV190681
MONIQUE   JONES   V/S AVON  LOCAL  SCHOOL  DISTRICT  B(
KIMBERLY   FULLER
LICENSED  THERAPIST , C/O DIANA SANTANTONIO
750 S.  ABBE  RD
ELYRIA              OH  44035

16CV190681   MONIQUE   JONES   V/S AVON  LOCAL  SCHOO

1st Amended
Complaint

PS Form 3811, January 2005          Domestic Return Receipt

## IN THE COURT OF COMMON PLEAS
## LORAIN COUNTY, OHIO
## CIVIL DIVISION

MONIQUE JONES, ET AL.                    :
                                         :
     Plaintiffs,                        :    CASE NO. 16 CV 190681
                                         :
     v.                                 :    JUDGE JAMES MIRALDI
                                         :
AVON LOCAL SCHOOL DISTRICT               :
BOARD OF EDUCATION, et al.               :
                                         :
     Defendants.                        :
                                         :

---

### NOTICE OF APPEARANCE OF COUNSEL

---

Now come attorneys Jessica K. Philemond (0076761) and Elizabeth A. Braverman (0088454) of Scott Scriven LLP, 250 E. Broad Street, Suite 900, Columbus, Ohio 43215, and hereby notify the Court and Plaintiffs' counsel of their appearance in this matter as counsel for Defendants Avon Local School District Board of Education, Jason Call, and Loretta Oley.

Respectfully submitted,

Jessica K. Philemond (0076761)
Elizabeth A. Braverman (0088454)
Scott Scriven LLP
250 E. Broad, Street, Suite 900
Columbus, Ohio 43215
(614) 222-8686; FAX (614) 222-8688

*Attorneys for Defendants Avon Local School*
*District Board of Education, Jason Call, and*
*Loretta Oley*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy of the foregoing was served by electronic mail this 16th day of November 2016, upon the following:

Florence J. McMurray (0080282)
Murray & Murray Co., LPA
111 E. Shoreline Dr.
Sandusky, OH 44870
(419) 624-3000; FAX (419) 624-0707
fjm@murrayandmurray.com

Elizabeth Braverman (0088454)

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO
CIVIL DIVISION

MONIQUE JONES, ET AL.                    :
                                         :
        Plaintiffs,                      :    CASE NO. 16 CV 190681
                                         :
        v.                               :    JUDGE JAMES MIRALDI
                                         :
AVON LOCAL SCHOOL DISTRICT               :
BOARD OF EDUCATION, et al.               :
                                         :
        Defendants.                      :
                                         :

## JOINT STIPULATION FOR EXTENSION OF TIME

The Parties in the above-captioned matter, by and through their respective legal representatives, hereby stipulate and mutually consent to an extension of time for Defendants Avon Local School District Board of Education, Jason Call, and Loretta Oley, to respond to the First Amended Complaint, up to and through Monday, November 28, 2016. Defendants have not previously requested or been granted an extension of time in this matter.

_____          _____ *(by email auth-*
Jessica K. Philemond (0076761)            Florence J. McMurray (0080282) *orization 11/15/16)*
Elizabeth A. Braverman (0088454)          Murray & Murray Co., LPA
Scott Scriven LLP                         111 E. Shoreline Dr.
250 E. Broad Street, Suite 900            Sandusky, OH 44870
Columbus, OH 43215                        (419) 624-3000; FAX (419) 624-0707
(614) 222-8686; FAX (614) 222-8688

*Attorneys for Defendant Avon Local School*    *Attorney for Plaintiffs*
*District Board of Education, Jason Call, and*
*Loretta Oley*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy of the foregoing was served by electronic mail this 16th day of November 2016, upon the following:

Florence J. McMurray (0080282)
Murray & Murray Co., LPA
111 E. Shoreline Dr.
Sandusky, OH 44870
(419) 624-3000; FAX (419) 624-0707
fjm@murrayandmurray.com

Elizabeth Braverman (0088454)