UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Monique Jones, individually and on behalf of her minor son, C.H.,** | ) ) | **CASE NO.1:16 CV 2805** |
| Plaintiff, | ) ) | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | ) ) ) | |
| **Avon Local School District Board of Education, et al.** | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Defendants Kimberly Fuller and Psych & Psych's Motion to Dismiss Plaintiff's Second Amended Complaint. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Monique Jones, individually and on behalf of her minor son, C.H., filed her original Complaint against defendants Avon Local School District Board of Education, Michael Laub (Superintendent), Jason Call (Principal of Avon Heritage South Elementary School),

1

Loretta Oley (Teacher), and Lynn Maslinski (Teacher) in the Lorain County Court of Common Pleas. A First Amended Complaint was filed adding defendant Kimberly Fuller (Licensed Therapist at Diana Santanonio, Ed.S. & Associates, LLC dba Psych & Psych Services) and removing as defendants Maslinski and Laub. The case was thereafter removed to this Court. Defendants Fuller and Psych & Psych[1] filed a Motion to Dismiss the Amended Complaint. That motion was moot with the filing of a Second Amended Complaint which generally alleges the following.

C.H. is a minor who was a student at Avon Heritage South Elementary School. Plaintiff Monique Jones is his mother. C.H. began the 2014-2015 school year as a third grader in defendant Oley's class.  He was the only African American student in the class. Jones met with Oley in September 2014 because she wanted to build a relationship with the teacher.  At the meeting, Jones mentioned that she had recently been diagnosed with Attention Deficit Disorder (ADD).  Oley told Jones that she thought C.H. had ADD or Attention Deficit Hyperactivity Disorder (ADHD) and then frequently mentioned this in conversations thereafter with Jones although Jones noted that he had not previously had any symptoms of such. In late September, Oley suggested that C.H. be placed on a 504 plan (under the Rehabilitation Act) for his frequent urination. C.H. has Benign Urinary Frequency Syndrome. Principal Call also contacted Jones regarding the plan in hopes that it would be established prior to the upcoming standardized testing. The plan was established on October 3, 2014.  Unbeknownst to Jones, Oley had been physically and emotionally abusing C.H. on a daily basis until November 6, 2014, when he was

---

[1] It does not appear that these are separately named defendants. Rather Fuller is named as a defendant in her official capacity as a licensed therapist at Diana Santanonio, Ed.S. & Associates, LLC dba Psych & Psych Services.

removed by Jones from the school. Eleven specific instances of abuse are listed. Jones learned of the abuse on November 3, 2014, when C.H. came home from school and told her about it. Jones reported the abuse to Principal Call the next morning in a telephone call.  A meeting was scheduled by Call with Jones for the morning of November 5.  Jones sent C.H. to school on November 4, "hoping that her conversation with Mr. Call would address the situation and because she was concerned about truancy issues."  It is unknown whether abuse occurred on that day. At the November 5 meeting, Jones reiterated that Oley had been abusing C.H. and requested that C.H. be removed from Oley's classroom, but Call refused. Call excused C.H. from school for the rest of the day of November 5. A follow-up meeting was scheduled for November 7. Jones "trusted Mr. Call's educational expertise, and feeling satisfied that the situation would be resolved, [Jones] sent C.H. to school on November 6." But, C.H. came home that day and reported that Oley had continued to physically and emotionally abuse him.  On November 6, Oley kept C.H. in from recess to complete a test, threw test papers in his face and yelled "wrong, wrong, wrong."[2] Jones did not thereafter send him back to the school. She formally withdrew C.H. on November 11. Call did not report the abuse as required by Ohio law. Pursuant to a prior referral by Oley, Jones had scheduled an appointment for November 4, 2014 with Psych & Psych to have C.H. formally evaluated for ADD/ADHD.  Fuller met with C.H. and Jones three times between November 4 and December 12.  He was not diagnosed with  ADD/ADHD. Jones reported Oley's abuse of C.H. to Fuller during the meetings, including the first meeting on November 4. Fuller never reported the allegations of abuse as required by Ohio law.  As a result,

---

[2]   The First Amended Complaint did not contain these allegations regarding November 6.

C.H. suffered additional abuse under Oley's supervision.  On December 9, 2014, C.H. was diagnosed, by a separate facility, with post traumatic stress disorder (PTSD) as a result of Oley's abuses and discrimination.

The Second Amended Complaint asserts ten claims for relief. One claim is asserted against Fuller: Count Nine alleges that she failed to report Oley's abuse as required by Ohio Revised Code § 2151.421 which proximately caused Oley's continued abuse.

This matter is now before the Court upon Fuller and Psych & Psych's Motion to Dismiss the Second Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Count Nine alleges that Fuller[3] was subject to the mandatory reporting requirements of the Ohio statute and failed to report the allegations of abuse that Monique Jones reported to her beginning on November 4, 2014, and that her failure was a proximate cause of Oley's continued abuse of C.H..

Ohio Revised Code § 2151.421 requires certain persons to report known or suspected child abuse to the public children services agency or a municipal or county peace officer in the county in which the child resides. Division (M) provides for compensatory damages to the child. A negligence claim based on violation of the statute requires proof of breach of duty, proximate cause, and damages. *See Grimm v. Summit County Children's Services Bd.*, 2006 WL 1329689 (Ohio App. 9th Dist. 2006). A violation of a statute which, as does  § 2151.421, sets forth specific duties constitutes negligence *per se.* Plaintiff must still prove causation and damages. *Id.*

Fuller concedes that the statute applies to her and moves to dismiss on several bases.

---

[3] This count also applies to Principal Call who is not the movant and, therefore, will not be discussed.

First, defendant asserts that the newly added claims of November 6 are not alleged to have specifically and proximately caused compensable harm to C.H.  The "harm" alleged is PTSD. The relatively minor allegations of November 6 could not have actually caused the PTSD compared to the months of previously suffered abuse. Second, plaintiffs fail to allege how a report of abuse on November 4 would have affected or changed what is alleged to have occurred on November 6.  The statute only requires that children services investigate a report and make a recommendation to the prosecuting attorney or city law director. Children services could not have dictated a course of conduct to Principal Call or Mrs. Oley. Nor could an investigation have been commenced and completed, and a recommendation made within less than two days between November 4 and November 6. C.H.'s mother had actual knowledge of the abuse but chose to send C.H. to school anyway. Third, the alleged abuse which occurred on November 6 does not amount to "abuse or neglect of the child" under the Ohio statute. Defendant additionally maintains that plaintiff Monique Jones does not have standing to bring a claim under the statute which protects only C.H.

Plaintiff asserts that the Second Amended Complaint supports a reasonable inference that Fuller's breach of her duty to C.H. was a proximate cause of his harm, which need not be the sole cause. Although not alleged, plaintiff states that because Fuller did not report the abuse or warn Jones about the dangers of C.H. returning to the classroom, Jones returned C.H. to the classroom on November 6. Had children services been notified, Oley and the school board would have been aware of any report made by November 6 and could have responded appropriately to an investigation. The consequence of the failure to report was that C.H. spent another day in Oley's charge. It cannot be surmised how children services would respond had the abuse been

6

reported. As to harm, plaintiff points to the allegation that C.H. was diagnosed with PTSD related to the incidents described in the pleading and the additional abuse occurring after November 4 caused additional harm.

For the following reasons, the Court agrees with defendant that the Second Amended Complaint cannot plausibly allege proximate cause as to Fuller. According to the pleading, Jones knew of the alleged abuse on November 3 and Principal Call knew of the alleged abuse on the morning of November 4. O.R.C. § 2151.421 requires that Fuller, who learned of the abuse on November 4, report it "immediately" to the children services agency. Plaintiff argues that had Oley and the Avon Local School District Board of Education "been aware of any report made by November 6, [they] would have had the opportunity to respond appropriately to an investigation of alleged abuse." (Doc. 18 at 7-8) Plaintiff points out that the statute requires the children services agency to investigate a report of abuse within 24 hours. Plaintiff asserts that, likewise, a person subject to the investigation be informed by the agency within that time frame. But, § 2151.421(F)(1) states:

> Except as provided in section 2151.422 of the Revised Code or in an interagency agreement entered into under section 2151.428 of the Revised Code that applies to the particular report, the public children services agency shall investigate, within twenty-four hours, each report of child abuse or child neglect that is known or reasonably suspected or believed to have occurred and of a threat of child abuse or child neglect that is known or reasonably suspected or believed to exist that is referred to it under this section to determine the circumstances surrounding the injuries, abuse, or neglect or the threat of injury, abuse, or neglect, the cause of the injuries, abuse, neglect, or threat, and the person or persons responsible. The investigation shall be made in cooperation with the law enforcement agency and in accordance with the memorandum of understanding prepared under division (J) of this section. *A representative of the public children services agency shall, at the time of initial contact with the person subject to the investigation, inform the person of the specific complaints or allegations made against the person.* The information shall be given in a manner that is consistent with division (H)(1) of this section and protects the rights of the person making the report under this section.

(Emphasis added). It is not clear whether the statute requires that the person subject to the investigation (Oley) be informed within 24 hours of the making of the report.  Nor does the statute require that the school board be notified at anytime, let alone within 24 hours.

Regardless, plaintiff had already reported the alleged abuse to Principal Call by the time she saw Fuller. Plaintiff surmises in her brief, "The natural and probable consequence of [Fuller's failure to report] is that C.H. spent another day in Ms. Oley's charge, forced to suffer additional harm."  (Doc. 18 at 8)  But, this would be an "unwarranted factual inference." *Gritton v. Disponett*, *supra.*  Plaintiff states that because Fuller did not report the abuse or warn Jones about the dangers of C.H. returning to the classroom, Jones returned C.H. to the classroom on November 6.  However, the Second Amended Complaint does not allege that this was the reason Jones returned C.H. to the classroom.  Nor does it make plausible sense.  Even if plead, there is no reasonable basis to infer that Fuller's failure to report the abuse resulted in Jones returning C.H. to the classroom.  Neither is there a basis to infer that Fuller's failure to warn Jones about the dangers of returning him resulted in him going back to the classroom when Jones already knew about the alleged abuse.

The Second Amended Complaint fails to state a claim against Fuller.  Furthermore, defendant asserts that Jones cannot assert her own claim under the statute which is meant to protect the child.  Plaintiff does not dispute this assertion.  The Court agrees.  *See* § 2151.421(M)("Whoever violates division (A) of this section is liable for compensatory and exemplary damages to the child who would have been the subject of the report that was not made.") and *Curran v. Walsh Jesuit High School,* 99 Ohio App.3d 696 (9th App.Dist. 1995)("We believe that R.C. 2151.421 imposes a duty which is owed solely to the minor child of whom

reports have been received concerning abuse or neglect.")

**Conclusion**

For these reasons, defendants Kimberly Fuller and Psych & Psych's Motion to Dismiss Plaintiff's Second Amended Complaint is granted.

IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 2/22/17